IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00138-CV

 

John Bernard Williams III,

                                                                      Appellant

 v.

 

Corrections CORPORATION of America,

                                                                      Appellee

 

 

 



From the 18th
District Court

 Johnson County, Texas

Trial Court # C200400175

 



MEMORANDUM 
Opinion



 








            The parties were notified that this cause would
be dismissed for want of jurisdiction unless a response showing grounds for
continuing the appeal was filed within ten days.  More than ten days have passed since the date
of the notice.  The Court has not
received a response from the parties. 
The clerk of the trial court notified us that “this case has not had a
hearing in our Court and therefore, has no order or judgment to appeal from.”




          The
appeal is dismissed.  Tex. R. App. P. 42.3(a).

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Appeal dismissed

Opinion delivered and filed August
 25, 2004

[CV06]






 off.
      Wilson positively identified Appellant in court as the same person she observed loading bags
into the Toyota and positively identified Appellant in a photo spread as being the same person
loading the bags into the Toyota.
      Officer Cates responded to the robbery of the Cash American Pawn shop. He recovered a
fired bullet from inside a display case and a .380-Remington Peters fired cartridge from the floor. 
He testified the Remington Peters .380 cartridge case was fired from an automatic pistol.
      Officer Cates observed the tan van parked a block and a minute away from Cash America
Pawn. Inside the van he recovered a video tape, a loaded .380 Llama pistol with one unfired
cartridge in the chamber and five unfired cartridges in the clip, jewelry, and a ball cap. Officer
Cates testified the cartridge case recovered from the pawn shop could have been fired from the gun
found in the van. White cloth gloves were also recovered from the van. 
       Officer Sherrance testified he received an anonymous telephone call from an informant who
gave him three names of possible suspects, one of whom was Appellant.
      Immediately after the robbery, Wilson observed Appellant within one block and one minute
from the scene of the robbery transferring black plastic bags from the tan van to the Toyota. 
Appellant and his companions had been seen earlier that same morning near the Toyota and the
van. Wilson positively identified Appellant in court, as well as from a photo spread earlier as the
transferor of the bags from the van to the Toyota. Property stolen in the robbery was recovered
from inside of the van.
      After viewing the evidence in the light most favorable to the prosecution we hold that any
rational trier of fact could have found that Appellant committed the aggravated robbery beyond
a reasonable doubt.
      Point 3 is overruled.
      Point 4: "The evidence is factually insufficient to support a conviction for aggravated
robbery."
      In reviewing a factual insufficiency challenge, we view all the evidence without the prism of
"in the light most favorable to the prosecution." Clewis v. State, 933 S.W.2d 126, 139 (Tex.
Crim. App. 1996). Thus the reviewing court may consider the testimony of defense witnesses and
any alternative hypothesis raised by the evidence. Clewis at 135. However, even under a factual
sufficiency analysis the reviewing court is not authorized to substitute its judgment for that of the
factfinder. Clewis at 133. The reviewing court sets aside the verdict "only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis at 135; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
      Appellant testified and denied committing the aggravated robbery, but was unable to say
where he was at the time of the robbery. Wilson positively identified Appellant as the same
person she saw transferring bags from the van to the Toyota immediately after and one minute
from the scene of the robbery. The van contained property taken in the robbery.
      After viewing all of the evidence, we conclude that verdict of guilty is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.
      Point 4 is overruled.
      The judgment is affirmed.
 
                                                                         FRANK G. McDONALD 
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 3, 1999
Do not publish